UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID J. WILLIAMS (#333462)                     CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                       NO. 10-0052-JVP-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this _14th_ day of April, 2010.

CHRISTINE NOLAND
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAVID J. WILLIAMS (#333462)                                CIVIL ACTION

VERSUS

BURL CAIN, WARDEN, ET AL.                                  NO. 10-0052-JVP-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Major Joseph Hooker and Lt. Ray Scroggs, complaining that his constitutional rights were violated on October 5, 2009, when he was falsely charged with having committed one or more disciplinary rule violations and was ultimately punished with twelve (12) weeks loss of yard privileges and a transfer to Camp J at LSP.

Pursuant to 28 U.S.C. § 1915(e), the Court is authorized to dismiss an action or claim brought in forma pauperis if the Court determines that the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An action or claim is properly dismissed as frivolous if it lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). Further, a § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra.

Applying the above standard to the plaintiff's allegations, the Court concludes that the plaintiff's claims fail to rise to the level of

constitutional violations.

In his Complaint, the plaintiff alleges that on October 5, 2009, he was subjected to a search by defendant Scroggs, during which search the defendant ordered the plaintiff to open his mouth and, when the plaintiff did so, shined a flashlight into the plaintiff's mouth. Thereafter, instead of placing the plaintiff in a "dry cell" as requested, and instead of undertaking a "piss test" or lie detector test, the defendant placed the plaintiff in administrative segregation and, after disciplinary proceedings at which the plaintiff was allegedly not provided with appropriate due process, the plaintiff was found guilty of "Contraband" and "Defiance" and was punished with twelve (12) weeks loss of yard privileges and a transfer to Camp J at LSP. The plaintiff further complains that defendant Cain thereafter wrongfully denied his disciplinary appeal, taken from the referenced charges.

Initially, it is unclear from the plaintiff's Complaint whether he has sued the defendants in their individual and/or their official capacities. However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, and addressing first the plaintiff's

claim that he was charged with one or more false disciplinary reports by defendant Scroggs and denied due process during disciplinary board proceedings before defendant Hooker, the law is clear that allegations that an inmate plaintiff has been wrongly reported or punished for conduct which he did not commit or of which he is innocent do not, without more, amount to a denial of due process. See Collins v. King, 743 F.2d 248 (5th Cir. 1984). Further, even if procedural rules were not scrupulously adhered to in this case, as the plaintiff suggests, the United States Supreme Court has held that prison disciplinary proceedings fail to implicate a constitutionally protected liberty interest unless the resulting punishment subjects the inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Sandin, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim. In the instant case, this Court similarly concludes that the plaintiff's disciplinary sentence – twelve (12) weeks loss of yard privileges and a transfer to Camp J at LSP – failed to result in an atypical and significant deprivation in the context of prison life. Accordingly, the plaintiff's claim in this regard fails to rise to the level of a constitutional violation.

The plaintiff next complains that the defendants refused to conduct a lie detector test or undertake other alternative means of objectively establishing whether the plaintiff had ingested drugs. This claim is also not one of constitutional dimension. See Dayse v. Alford, 43 F.3d 671 (5th Cir. 1994)(rejecting as frivolous claim by inmate regarding denial of polygraph test); Logan v. Dawson, 2010 WL 101281 (M.D. La.,

Jan. 11, 2010)("Plaintiff's allegation that Warden Cain failed to respond to his letters to provide him with a requested polygraph examination does not rise to the level of a constitutional violation"). Accordingly, this claim as well is subject to dismissal as frivolous.[1]

Finally, the plaintiff complains that defendant Burl Cain, in responding to the plaintiff's disciplinary appeal filed with respect to the referenced disciplinary charges, failed to appropriately review same and ultimately denied same notwithstanding the defendant's alleged duty to investigate and reverse the disciplinary sentences if he found the plaintiff's claims to have merit. The Court finds that the plaintiff has failed to state a constitutional claim in this regard. Specifically, the plaintiff has no constitutional right to have his administrative grievances or disciplinary appeals addressed, investigated, or favorably resolved. Mahogany v. Miller, 252 Fed.Appx. 593 (5th Cir. 2007). Moreover, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

---

[1] To the extent that the plaintiff complains that his request to speak with a social worker was rejected or ignored, he has failed to allege that he suffered any injury or harm as a result. Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, in the absence of any allegation of actual injury or harm, the plaintiff has failed to allege a claim which amounts to a constitutional violation.

Accordingly, the plaintiff's claim regarding the alleged failure of defendant Cain to properly address, investigate or respond to the plaintiff's disciplinary appeal(s) is without legal foundation and must be dismissed. Further, defendant Cain is not independently liable for the actions of his subordinate officers, <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and in the absence of any allegation that defendant Cain personally and directly participated in any actions causing the alleged deprivation of the plaintiff's constitutional rights, there is no basis for the imposition of liability against this defendant. See <u>Lozano v. Smith</u>, 718 F.2d 756 (5th Cir. 1983). Accordingly, this defendant is entitled to judgment as a matter of law, dismissing the plaintiff's claim asserted against him as legally frivolous.

The plaintiff also seeks to invoke the supplemental jurisdiction of this court. District courts, however, may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, the Court concludes that it is appropriate for the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

## RECOMMENDATION

It is recommended that the plaintiff's claims be dismissed, with prejudice, as legally frivolous within the meaning of 28 U.S.C. §

1915(e), and that this action be dismissed.[2]

        Baton Rouge, Louisiana, this ___14th___ day of April, 2010.

                              /s/ Christine Noland
                              CHRISTINE NOLAND
                              MAGISTRATE JUDGE

---

[2] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."